Raymond P. Hayden
Gerard W. White
HILL RIVKINS & HAYDEN LLP
Attorneys for Plaintiffs

45 Broadway, Suite 1500
New York, New York, 10006
(212) 669-0600



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
AIG GLOBAL MARINE AND ENERGY, ACE EUROPEAN
GROUP LTD., AIG EUROPE SA , COLUMBIA FOREST
PRODUCTS, INC., COPPER & BRASS, MACSTEEL
SERVICE CENTERS USA, TSA PROCESSING, METALS
USA (LIBERTY) and RUSAL AMERICA CORP.,

                Plaintiffs,

   - Against -

M/V ATLANTIC TRADER, *in rem*, ATLANTIC
TRADER NAVIGATION LTD., JSC BALTIK MERKUR,
And ATLANTIC RO-RO CARRIERS, INC., *in personam*,

                Defendants.
-----------------------------------------------------------------X

Index No.:
**08 Civ. 3597 PKL**

**ORDER TO SHOW CAUSE
FOR DISCOVERY ON VESSEL
SCHEDULED TO LEAVE PORT**

### Relief Sought

The Plaintiffs move this Court for an Order permitting them to commence discovery immediately in aid of preserving evidence for the trial of the merits of this action and to avoid the loss of evidence which may be occasioned by the transitory nature of the defendant, Vessel M/T ATLANTIC TRADER (the "Vessel"). In particular, the Plaintiffs seek an Order that crucial evidence be obtained before it disappears from the port of Houston, Texas, so that the parties and the Court may have all of the relevant facts available at the time the merits of this

case are tried. In order to do this, the Plaintiffs require an Order permitting their appointed surveyor to board the Vessel, in order to inspect and photograph it as authorized under Rule 34 of the Federal Rules of Civil Procedure and to do so immediately, before service of the Summons and Complaint has been effected on the Defendant Vessel, M/V ATLANTIC TRADER, in rem, and its owners/operators, Atlantic Trader Navigation Ltd. and JSC Baltik Merkur, in order to determine the cause of the engine breakdown described in this action.

Plaintiffs therefore request an Order permitting (1) the depositions of the Vessel's officers (its Captain, Navigation Officer, Chief Engineer, First Assistant Engineer and Engineer on Watch during the engine blackout) to go forward in Houston, Texas, where the Vessel is now scheduled to arrive on April 22, 2008 to discharge cargo, (2) access to the Vessel by Plaintiffs' marine surveyor(s) in order to conduct a survey/investigation and to take photographs of the Vessel's bridge, engine room, deck, machinery and other spaces in order to determine the cause and circumstances giving rise to the engine black out / loss of propulsion that occurred on March 19/20, 2008, and (3) the production of documents and records onboard the Vessel or otherwise maintained by Defendants, as set forth in the attached Request for Production of Documents and Pursuant to Rule 34 of the Federal Rules which is attached to the Affirmation of Gerard W. White. (White Aff. ¶8, Exh. C).

### Legal Basis For Application

Rule 26 (d) and 30 (a)(2)(A) (iii) of the Federal Rules of Civil Procedure allow for a party to seek to take a deposition or otherwise request the production of documents or the inspection of a Vessel, before the Rule 26(f) conference in a case. In the pending matter, such

2

discovery is sought without the stipulation of the parties, but with supporting facts, that the person to be examined is expected to leave the United States and be unavailable for examination in this country unless deposed before that time. As the Affirmation of Gerard W. White, Esq., explains, the Vessel is registered under the flag of Malta, and its officers and crew comprise of foreign nationals, and the Vessel is expected to leave the port of Houston for an undisclosed foreign port after it finishes discharging cargo on/about April 27, 2008. Under these circumstances, the defendant Owners who are domiciled in St. Petersburg, Russian Federation, and in Valletta, Malta, will not be served with process in time to allow for joinder of issue and the normal scheduling of discovery. Without the court's intervention, the opportunity to obtain testimony from the officers aboard the Vessel familiar with the casualty from both a navigational and engineering standpoint will be lost. The ability to inspect the engine during a timeframe where the repairs were recently performed or when the problems persist will be similarly lost if discovery is not obtained. The Vessel is expected to sail to a foreign port after it completes discharging its cargo in Houston, Texas.

The taking of discovery on an expedited basis for a maritime claim has typically been permitted by the court in recognition of 'exceptional circumstances' occasioned by instances where the Vessel and its crewmembers are about to leave port which may lead to the loss of information if action is not taken immediately.

### Factual Basis For Application

As shown by the Affirmation of Gerard W. White, sworn to on April 21, 2008, plaintiffs' cargo had been placed onboard the Vessel at the loadport of St. Petersburg, Russian Federation.

3

Due to an engine breakdown, the declaration of general average and the request for salvage, has caused or may cause plaintiffs damages amounting to as much as $2,800,000.00 as best as can now be estimated. The plaintiffs have filed an action both in rem and in personam against the Vessel and its owner. The circumstances thus indicate that the breakdown occurred while the Vessel was transporting its cargo to Houston, Texas, but crucial evidence, that is obtainable only through an immediate inspection of the Vessel, is needed to determine the cause of the breakdown. Critical evidence by way of the Vessel's logs and maintenance records, as well as through the testimony of its officers is necessary to determine the facts and circumstances giving rise to it losing power and contracting for salvage.

### Need For Ex Parte Relief

The defendant Vessel, an ocean-going RO-RO of foreign flag, will leave the jurisdictional waters of the United States after discharge, which is expected to occur as early as April 26, 2008. There is no time for the in personam defendants to be served with process since they are located in either Malta or the Russian Federation. Similarly, time does not allow for the serving of a written request under the normal procedures set out in Rule 34(b) of the Federal Rules of Civil Procedure, nor even time for a normally noticed motion seeking an expedited inspection of the Vessel. As the Affirmation explains, once the Vessel leaves port, it will be immune from effective discovery, and Plaintiffs' ability to determine the cause and nature of the main engine breakdown will be lost. Plaintiffs' efforts to resolve these issues with Owners' counsel have not been successful despite diligent effort.

**ORDERED,** that the above-named Defendants show cause before the undersigned Judge of this Court at Room 18-B of the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York 10007, on April 24, 2008 at 2 o'clock or as soon thereafter as counsel may be heard, why an Order should not be issued pursuant to Rules 26(d), 30(a)(2)(A) (iii), and 34, granting Plaintiffs leave to conduct discovery of the M/V ATLANTIC TRADER on April 22, 2008 and dates thereafter by way of depositions of the Vessel's officers, inspection of the Vessel by Plaintiffs' appointed marine surveyor, and the production of documents while the Vessel is in Houston, Texas during its port call there during April 22-26, 2008.

**IT IS FURTHER ORDERED**, that service of the copies of this Order, Affirmation of Gerard W. White, and Legal Memorandum in Support of Expedited Discovery, be served by hand on counsel for the Vessel interests, Freehill Hogan & Mahar, 80 Pine Street, New York, New York 10005-5159, Attention: Wayne D. Meehan, Esq., and by facsimile to Defendant, Atlantic RO-RO Carriers Inc., 1051 Bloomfield Ave, Suite 6, Clifton, New Jersey, Facsimile No. (973) 815-1050.

Dated: 4/22/08

**SO ORDERED:**

_____
The Honorable
United States District Judge

29810\Pleadings\ORDER TO SHOW CAUSE

5