223-08/WDM/MCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AIG GLOBAL MARINE AND ENERGY, ACE
EUROPEAN GROUP LTD., AIG EUROPE SA,
COLUMBIA FOREST PRODUCTS, INC.,
COPPER & BRASS, MACSTEEL SERVICE
CENTERS USA, TSA PROCESSING, METALS
USA (LIBERTY) and RUSAL AMERICA CORP.,

                                    Plaintiffs,

          -against-

M/V ATLANTIC TRADER, *in rem*, ATLANTIC
TRADER NAVIGATION LTD., JSC BALTIK
MERKUR, and ATLANTIC RO-RO
CARRIERS, INC., *in personam*,

                                    Defendants.

**08 CIV 3597 (PKL)**

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
ORDER TO SHOW CAUSE FOR DISCOVERY ON VESSEL
<u>SCHEDULED TO LEAVE PORT</u>**

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
M/V ATLANTIC TRADER, as owner of the JSC
BALTIK MERKUR, her engines, boilers, etc.
80 Pine Street
New York, NY  10005
(212) 425-1900 / (212) 425-1901 fax

Of counsel:
Wayne D. Meehan (WM 9102)
Michael C. Elliott (ME 6160)

NYDOCS1/303299.1

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Defendants (hereinafter "Owners" or "Defendants") in opposition to Plaintiffs' Order to Show Cause For Discovery on Vessel Scheduled to Leave Port. This opposition is filed without prejudice to: (1) any and all rights, defenses, claims and/or counterclaims Owners may have at law, in admiralty and/or in equity; and (2) with an express reservation of rights concerning all defenses available to Owners, *in rem*, and/or *in personam*.

## FACTS AND PROCEDURAL HISTORY

The pending action was filed by Plaintiffs on April 15, 2008, in the Southern District in accordance with the forum selection clause as set forth in the relevant bills of lading. On Tuesday, April 22, 2008, Plaintiffs forwarded to counsel for Owners a copy of the instant Order to Show Cause, along with a memorandum of law and petition. As more fully set forth below, Plaintiffs improperly ask this Court to issue an order directing expedited discovery and depositions under Rules 27 and 30(a)(2)(A)(iii) of the Federal Rules of Civil Procedure.

As for the relevant facts, Plaintiffs correctly state that the vessel M/V ATLANTIC TRADER is suspected to have lost power in the vicinity of Scapa Flow, United Kingdom, where it anchored and dragged anchor into a storm, thereby requiring the assistance of a tow from the vessel/tug ANGLIAN SOVEREIGN. It is this incident which gave rise to Owners' claim for general average, and the subsequent suit brought by Plaintiffs in this Court in which Plaintiffs allege they are entitled to recover damages in the aggregate amount of $2,788,694.12. Plaintiffs have alleged two causes of action which include: (1) a declaratory judgment based on unseaworthiness and failure to exercise due diligence; and (2) a claim for indemnity against Defendants for any salvage contribution Plaintiffs may have to make.

Before Plaintiffs obtained the instant Order to Show Cause, the parties were engaged in verbal and e-mail communications which dealt with arranging for the testimony of the vessel's witnesses, a survey of the vessel and the production of the ship's relevant documentation. Despite Defendants' agreement to the terms demanded by Plaintiffs in an email dated April 22, 2008, Plaintiffs had already sought relief from the Court and submitted its motion. After the Order was issued and signed by Your Honor on April 22, 2008, Defendants drafted a Stipulation which contained terms allowing for the deposition of crew members, a survey of the vessel by Plaintiffs' appointed surveyor and production of relevant documentation. (*See* Exhibit F). Plaintiffs refused to sign the Stipulation citing the document production provision as inadequate. Given that Plaintiffs have agreed to all but one aspect of the Stipulation that has nothing to do with the alleged "extraordinary circumstances" outlined in its moving papers, Owners respectfully submit that Plaintiffs' request for relief is deficient as a matter of law and should be denied.

## ARGUMENT

### POINT II

### PLAINTIFFS ARE NOT ENTITLED TO EXPEDITED DISCOVERY BECAUSE NO EXCEPTIONAL CIRCUMSTANCES EXIST

Plaintiffs claim that exceptional circumstances exist because if they are not permitted to depose witnesses during the vessel's port call in Houston, Texas, this discovery will be forever lost due to the ship being scheduled to sail.[1] Clearly this is not accurate due to the fact that the vessel is scheduled to return to Baltimore, Maryland, on June 23, 2008, and will remain in port there until June 26, 2008. Furthermore, email communications between the parties show that Owners agreed to make available all witnesses during the Baltimore port call and, in the event

---

[1] In their bid to create urgency in this matter, Plaintiffs fail to recognize that the vessel will be in port in Houston from 23 April through 30 April.

that a crewmember is no longer on the vessel, Owners have also agreed to produce that witness at a mutually convenient time and location. (*See* Meehan Exh. E). In addition, Owners have offered to allow Plaintiffs' surveyors to conduct a joint inspection of the vessel in Houston where the surveyors would also be provided with the relevant ships documents. (*See* Meehan Exh. E).

Unfortunately, Plaintiffs fail to acknowledge Owners' cooperation and effort in resolving this matter and have not addressed the complete communications between the parties that provide for reasonable access to the vessel and its crew. Even without the trail of communications on this point, the attached Stipulation outlines Owners' position and eliminates Plaintiffs' argument that depositions must take place immediately. In light of the Stipulation, Plaintiffs cannot credibly argue that exceptional circumstances exist and an Order for expedited discovery should be denied.

**POINT II**

**PLAINTIFFS' APPLICATION DOES NOT MEET THE SHOWING REQUIRED
TO ALLOW EXEPEDITED DISCOVERY.**

Federal Rule of Civil Procedure 26(d) clearly states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." If a party desires to conduct a deposition outside of this timeframe, that party must obtain leave of Court under Rule 30(a)(2)(A)(iii). Courts analyzing requests under Rule 30(a)(2)(A)(iii) have determined that a party seeking depositions before the time specified in Rule 26(d) must establish either irreparable injury if the deposition is not allowed or good cause for allowing the deposition to take place on an expedited basis. *See, e.g, Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982); *Ayyash v. Bank Al-Madina,* 233 F.R.D. 325, 326 (S.D.N.Y. 2005). Plaintiffs' application meets neither standard.

To establish "irreparable injury" (a standard devised by Judge Edelstein), a party moving under Rule 30(a)(2)(A)(iii) must to demonstrate:

> (1) irreparable injury, (2) some probability of success on the merits, (3)some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the [party whom discovery is sought] will suffer if the expedited relief is granted.

*Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982); *Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730 (S.D.N.Y. 1996); *Advanced Portfolio Techs., Inc. v. Advanced Portfolio Techs., Ltd.*, 94-5620, 1994 U.S. Dist. LEXIS 18457, 1994 WL 719696, at *3 (S.D.N.Y. Dec. 28, 1994). Plaintiffs here have not shown, and cannot show, that there will be irreparable injury if they have to wait to conduct discovery in accordance with the normal rules or in accordance with the schedule proposed by Defendants. Indeed, the witnesses will be available for deposition in June in Baltimore, and for those that are not, Defendants have agreed to make them available. Further, Plaintiffs' surveyors will be given an opportunity to inspect the vessel. There is simply no irreparable harm here.

Plaintiffs' motion equally fails the more flexible "good cause" standard. In *Ayyash,* 233 F.R.D. at 326, Judge Lynch described how the "good cause" standard should be applied in reviewing expedited discovery requests. He explained that in such circumstances "it makes sense to examine the discovery request … on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances." *See id.* (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623-24 (N.D. Ill. 2000). A review of all the surrounding circumstances here demonstrates that there is no good cause for allowing the depositions which Plaintiffs seek outside of the time frames of the discovery rules.

In addition to the fact that the witnesses will be available and are not "lost" to Plaintiffs, Defendants have offered to execute a Stipulation which deals directly with Plaintiffs' purported concern giving rise to the need to take the depositions now. It is clear that the only section of the Stipulation which Plaintiffs take issue with concerns the scope of the agreement to turn over ship's documents, and not the section addressing depositions. It should be noted that the main "extraordinary circumstance" identified by Plaintiffs as the basis for taking the deposition now was the supposed unavailability of the witnesses. This issue has been effectively resolved as a result of Defendants' agreement to produce these witnesses at a more convenient time/location. Simply put, the Plaintiffs' request is unreasonable under the circumstances and it cannot show "good cause" for its request.

Courts are reluctant to grant a Rule 30(a)(2)(A)(iii) motion under circumstances far more exigent than those asserted by Plaintiffs, such as when necessary to respond to a court's order to show cause, *see Gibson v. Bagas Restaurants, Inc.*, 87 F.R.D. 60, 61-62 (W.D. Mo. 1980); or to prepare for emergency injunction proceedings. *See Pearce v. Southeast Banking Corp.*, 97 F.R.D. 535, 537 (S.D. Fla. 1983). This is because the "important protection" in Rule 26(d) limiting discovery after the Rule 26(f) conference "maintains the fairness of civil litigation... The court must protect [the non-moving party] from unfairly expedited discovery." *Notaro*, 95 F.R.D. at 405.

In the truly "exceptional case[s]" allowing expedited depositions, *Gibson*, 87 F.R.D at 62, courts have found (or hypothesized) extraordinary factual circumstances, such as when defendants counsel fails to controvert the prospect of losing testimony of crewmembers or fails to agree to produce them at a later date. *Phibro Commodities v. M.V. Rizcun Trader, et al*, 1997 A.M.C. 2025 (E.D. Pa. 1997); *see also In re Deiulemar Di Navigazione, S.p.A. v. Pacific*

*Eternity, S.A.*, 198 F.3d 473 (4th Cir. 1999), see also, *Koch Fuel Int'l v. M/V South Star*, 118 F.R.D. 318 (E.D.N.Y. 1987). Plaintiffs make note of these cases in their motion alleging similar circumstances however, it fails to acknowledge that Defendants have readily agreed to make witnesses available. Accordingly, the "extraordinary circumstances," which are essential to prevail on a Rule 30(a)(2)(A)(iii) motion, are not present and Plaintiffs' motion is deficient on its face.

Plaintiffs oversimplify the situations in which the exceptional circumstances for taking expedited discovery can be met by a maritime litigant. Reading Plaintiffs' papers one gets the idea that the mere existence of a vessel in a maritime dispute somehow transforms a litigation into another atmosphere where the court is readily invited to take exception to the rules of discovery. This is not the case. While it is true that maritime litigants have traditionally resolved disputes regarding depositions by noticing them *"de bene esse,"* Rule 30(a)(2)(A)(iii) is clear that the notice of deposition must contain a certification with "supporting facts" that the deponent is expected to leave the United States and be unavailable for examination in this country after that time.[2]

Plaintiffs have done nothing more than make bold, unsupported, assertions that these witnesses will be leaving Houston Texas in the near future. Nothing regarding the sailing schedule of the vessel, which operates a liner service between Russia and the United States, is mentioned anywhere in Plaintiffs' moving papers. If one looks at the sailing schedule, it is clear that the vessel continuously operates between Russia, Europe and <u>five</u> U.S. cities. (*See* Exh. A:

---

[2] Defendants received the Notices of Deposition on April 22nd along with Plaintiffs' Order to Show Cause. Other than the bold assertion that these witnesses "serve as an officer/crew on a Vessel which is soon to depart Houston, Texas for a foreign port and will be unavailable for examination in the United States unless deposed before that time," Plaintiffs offer no supporting facts for this proposition. The fact is that there is no support. Accordingly, the Notices provided by Plaintiff do not comport with FRCP Rule 30(a)(2)(A)(iii).

sailing schedule). Surely Plaintiffs can depose witnesses during any one of the vessel's future port calls.

Furthermore, as discussed previously, Owners have offered to make crewmembers available for testimony in mid-June during a port call to Baltimore and, should any witness not be present during this time, Owners have agreed to transport the witness back to the United States at a mutually convenient time and location. The agreements to produce witnesses and to cooperate in making the vessel available for surveyors presents a situation lacking the required exigency or exceptional circumstances for Plaintiffs' application. Accordingly, and absent Plaintiffs making a credible showing otherwise, standard discovery procedures should apply.

## CONCLUSION

For these reasons, Plaintiffs' motion for expedited discovery should be denied.

Dated: New York, New York
       April 9, 2008



                              Respectfully submitted,

                              Wayne D. Meehan (WM 9102)
                              Michael C. Elliott (ME 6160)
                              FREEHILL HOGAN & MAHAR, LLP
                              80 Pine Street
                              New York, NY 10005
                              (212) 425-1900 / (212) 425-1901 fax
                              Attorneys for Defendant
                              M/V ATLANTIC TRADER, as owner of the JSC
                              BALTIK MERKUR, her engines, boilers, etc.