223-08/WDM/MCE
FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendants
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Wayne D. Meehan (WM 9102)
Michael C. Elliott (ME 6160)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AIG GLOBAL MARINE AND ENERGY, ACE EUROPEAN GROUP LTD., AIG EUROPE SA, COLUMBIA FOREST PRODUCTS, INC., COPPER & BRASS, MACSTEEL SERVICE CENTERS USA, TSA PROCESSING, METALS USA (LIBERTY) and RUSAL AMERICA CORP., <br><br> Plaintiffs, <br><br> -against- <br><br> M/V ATLANTIC TRADER, *in rem*, ATLANTIC TRADER NAVIGATION LTD., JSC BALTIK MERKUR, and ATLANTIC RO-RO CARRIERS, INC., *in personam*, <br><br> Defendants. | 08 CIV 3597 (PKL) <br><br><br><br> **WAYNE D. MEEHAN AFFIRMATION IN OPPOSITION TO PLAINTIFFS REQUEST FOR EXPEDITED <u>DISCOVERY</u>** |

WAYNE D. MEEHAN, an attorney admitted to practice before this Honorable Court,

being duly sworn, hereby affirms under penalty of perjury the following:

1.    I am a partner in the law firm of Freehill Hogan & Mahar, LLP, attorneys for

Defendants herein and submit this Affirmation in opposition to plaintiff's request for expedited

discovery.

2.    Plaintiffs moved by Order to Show Cause seeking expedited discovery in the form

of (1) depositions of the vessel's crew in Houston, Texas, where the vessel is currently located;

NYDOCS1/303414.1

(2) permission for their marine surveyor to conduct a survey/investigation onboard the vessel in Houston; and (3) an immediate production of documents and records relating to the incidents which are the subject of the litigation.  Defendants oppose the current motion on the basis that there are no exigent or exceptional circumstances which justify ordering this discovery on an expedited basis outside the timeframes contained in the Federal Rules of Civil Procedure.

3.      Plaintiffs entire application is based on the premise that expedited discovery is justified because when the vessel sails from Houston the witnesses will be unavailable and the opportunity to take discovery will be lost.  (See Affirmation of Gerard W. White, ¶ 2 "Plaintiffs move by way of Order to Show Cause because of the urgent nature of the request for discovery since the ship is of a foreign flag (Malta), with a foreign crew, and the opportunity to take discovery will be lost when it sails from Houston, Texas."; see also, ¶ 13, "The vessel is of Maltese flag and it is understood to employ officers and crew who are foreign nationals who are not likely to be aboard at any subsequent port calls that the vessel may have in the United States.")

4.      For reasons which will be explained, counsel representing plaintiffs is well aware that the witnesses will not be unavailable after the vessel departs Houston, and the opportunity to conduct discovery will not be lost.  Specifically, prior to filing its motion, plaintiffs were aware that the M/V ATLANTIC TRADER is operated on a liner service, and routinely calls in the United States.  (See, M/V ATLANTIC TRADER sailing schedule attached as Exhibit A.) Moreover, prior to the filing of the instant application, vessel owners specifically agreed to produce the requested witnesses for depositions in the vessel's port call in Baltimore, now currently scheduled for mid-June.  Further, to the extent that the requested witnesses were not onboard the vessel at its next port call at Baltimore, owners agreed to produce those witnesses in

the United States. Finally, owners agreed to allow their surveyor full access to conduct inspections onboard, and agreed to provide the assistance required, and the routine documents necessary to facilitate those inspections.

5.      There are no exigent circumstances, and absolutely no risk that the witnesses will be unavailable, or that the opportunity to take discovery will be lost. Under the circumstances, defendants submit that there is no justification for departing from the normal discovery timing rules, and the motion for expedited discovery should be denied in full.

## CREW DEPOSITONS

6.      Plaintiffs move for expedited depositions based on Rule 30(a)(2)(A)(iii) which provides for expedited discovery where " . . . the deponent is expected to leave the United States and be unavailable for examination in this country after that time."

7.      In its motion papers, plaintiffs argue that the witnesses will be "unavailable" since the ship is of a foreign flag (Malta) with a crew of foreign nationals. Plaintiffs correctly noted that defendants would not initially agree to produce the requested witnesses in the United States. (See Affirmation of Gerard W. White ¶ 11.) What plaintiffs failed to disclose is that while that was defendants' position initially, I subsequently advised plaintiffs that owners would agree to depositions at the vessel's next port call in Baltimore and to the extent that any witnesses were not onboard the vessel at Baltimore, owners agreed to produce those witnesses at a mutually convenient time and place within the United States.

8.      Attached as Exhibit B is an e-mail which I sent to Mr. White advising at ¶ 4 that while owners consented to depositions, I did not have authority to agree to depositions in the United States.

9.    Mr. White responded by suggesting that they were agreeable to taking the depositions in Baltimore but suggested that Mr. Hayden also requested a representation that if the witnesses were not onboard the vessel in Baltimore, owners would agree to produce the witnesses in the U.S.  Attached as Exhibit C is Mr. White's e-mails which provides at ¶ 4 as follows:

> Based on our telephone conversation yesterday evening, we understood that it was your preference to allow testimony to go forward in Baltimore, Maryland where the vessel was expected to call on June 23-26, 2008.  As for the availability of the officers/crew, we understood that the Owner was wiling to confirm that the same crew would be aboard in Baltimore.  Ray Hayden had asked for the further representation that in the event they were not, then Owners would agree to produce them in the U.S.  We remain amenable to such scheduling providing we have assurance concerning the officers/crew availability.

10.    I continued discussions with my clients and Mr. White over the weekend, and on Monday, April 21, 2008 at 1:03 PM, he sent an e-mail confirming that since there was no agreement, they intended to file their motion for expedited discovery.  I responded at 1:24 PM on Monday, April 21, 2008, (21 minutes later), confirming that owners agreed to the depositions requested and I was preparing a proposed agreement.  That e-mail was followed up with a phone call.  Attached as Exhibit D is a copy of Mr. White's e-mail and my response.

11.    On April 22, 2008 at 8:28 AM, I sent an e-mail to Mr. White confirming agreement to their terms as follows:

> "Owners agree to provide relevant crew members (Captain, Deck Officer on watch at the time the vessel dragged anchor, Chief Engineer, First Assistant Engineer, Engineer on watch at the time power was lost) in the U.S.  We will make those witnesses available either at the vessel's port call in Baltimore now scheduled for mid-June, or at another convenient time/location in the U.S."

(Exhibit E)

12.     As shown above, counsel for plaintiffs was aware that we had obtained agreement to provide the witnesses in the United States on Monday afternoon, April 21, 2008, and had a specific agreement in writing on Tuesday, April 22, 2008 at 8:28 AM, prior to filing the instant motion, which was based on the allegation that owners would not agree to depositions in the U.S.

13.     Attached as Exhibit F, is a copy of a proposed Stipulation and Order which we provided to counsel for plaintiffs which specifically represented that owners would produce the requested witnesses at the vessel's upcoming port call in Baltimore, Maryland currently scheduled to take place in mid-June. Owners further agreed that if for any reason the vessel did not call at Baltimore as scheduled or if the individuals not onboard the vessel, owners agreed to produce those witnesses for deposition in the United States.

14.     In sum, the motion for expedited depositions should be denied since plaintiffs cannot establish that the witnesses will be " . . . unavailable for examination in this country" which is a prerequisite to the requested relief pursuant to Rule 30(a)(2)(A)(iii). Simply stated, the vessel is on a liner service and routinely calls in the United States. More fundamentally, however, owners have specifically agreed to allow the depositions to go forward and produce the requested witnesses within the United States.

**INSPECTIONS ONBOARD**

15.     Plaintiffs moved for an order providing their surveyor, from the firm of Noble Denton reasonable access to the vessel to conduct inspections onboard, and carryout an investigation into the circumstances surrounding the incidents which are the subject of the litigation.

16.     Rule 34(a) provides for access onto land or other property to "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

There is no provision in the rules, however, which provides for a surveyor to conduct investigations onboard.

17.    Notwithstanding that there are no exigent circumstances requiring that these inspections be carried out on an expedited basis, in the spirit of cooperation, owners agreed to provide the requested access.

18.    On April 18, 2008 at 4:57 PM, I sent an e-mail to Mr. White confirming that owners agree to permit their surveyor to go onboard to conduct inspections in Houston. Owners would provide routine vessel documents to facilitate that inspection, and provide their surveyor with the insistence required to carryout meaningful inspections.

19.    Owners remain willing to provide the required access, therefore, plaintiffs' motion should be dismissed as moot.

## DOCUMENTS

20.    It is beyond legitimate disputed that there is no risk that documents would be lost if not produced on an expedited basis.  Indeed, plaintiffs have not even suggested a risk that documents will be lost.

21.    The pretext for the request for expedited document discovery is that their surveyor needs these documents for purposes of carryout his investigation.

22.    A fair review of plaintiffs' document request (Plaintiffs' Exhibit C) shows that they are requesting documents far beyond what is required to carryout the physical inspections which are provided for in the rules.  Significantly, plaintiffs have submitted no expert affidavit to support the suggestion that all of the requested documents are necessary to conduct meaningful inspections aboard the vessel.  Plaintiffs suggest that they need all of the documents contained in their Request for Production of Documents (Plaintiffs' Exhibit C), but a fair review shows that

the list goes far beyond what is required to conduct inspections. As an example, item 17 requests inventory records for spare parts onboard the vessel and item 22 calls for meteorological records for the voyage. Certainly, documentation relating to inventory levels and weather conditions is not essential to their ability to conduct meaningful inspections onboard

23.    Owners previously offered, and remain willing to provide plaintiffs' surveyor with the documents necessary to facilitate his inspection, as follows:

a)    engine and deck logs for relevant periods;
b)    classification records;
c)    main engine and turbo charger technical data;
d)    vessel plans and particulars;
e)    any and all statements or reports prepared by the crew regarding the circumstances surrounding the incidents;
f)    any repair records for the voyage in question, including repairs to main engine and turbo charger as a result of the loss of power, dragging anchor and salvage; and
g)    any and all records showing the vessel's positions and maneuvers during the loss of power, dragging anchor and salvage.

24.    Defendants submit that plaintiffs request for immediate production of the documents contained in their Request for Production of Documents (Plaintiffs' Exhibit C) be denied since plaintiffs have failed to even allege that documents will be lost justifying expedited production, and defendants have already offered to provide those documents necessary to carryout meaningful inspections onboard.

## CONCLUSION

25.    In sum, defendants respectfully submit that plaintiffs' motion for expedited discovery be denied. For reasons outlined above, the vessel is on a scheduled liner service, owners have offered to produce at depositions in a timely fashion within the Untied States, and

plaintiffs have simply failed to carry their burden of establishing a justification for a departure

from the normal discovery timing rules set forth in the Federal Rules of Civil Procedure.


Dated: New York, New York
       April 24, 2008

                                        _____
                                              Wayne D. Meehan

**Exhibit A**

# SAILING SCHEDULE

THE ONLY DIRECT NON-STOP LINER SERVICE TO/FROM RUSSIA - USA.
RO-RO / PROJECT / BREAKBULK / CONTAINERS

4/22/2008

**ATLANTIC RO-RO CARRIERS, INC.**
1051 Bloomfield Avenue
Suite No. 6, Second floor
Clifton, New Jersey 07012

TEL: (973) 815-1000
FAX: (973) 815-1050
web site: www.arrcm.com
E-MAIL: info@arrcm.com

| M/V | VOY/PORTS | ST.PETERSBURG | ROTTERDAM | BALTIMORE | PANAMA CITY | NEW ORLEANS | BEAUMONT | HOUSTON | ST.PETERSBURG |
|---|---|---|---|---|---|---|---|---|---|
| OLGA | R7-57 | | | | | | 12May - 15May | 16May - 19May | 07Jun - 16Jun |
| ATLANTIC TRADER | R8-11 | | | | | | | 23Apr - 30Apr | 19May - 28May |
| BALTIC MERCUR | R8-13 | | | 21May - 22May | | | 09May - 13May | 14May - 16May | 06Jun - 15Jun |
| VALGA | R8-14 | | | 23Apr - 24Apr | | | | | 09May - 14May |
| ANNA DESGAGNES | R8-15 | 09Apr - 23Apr | | | | 01May - 03May | | 04May - 07May | 26May - 02Jun |
| ATL. NAVIGATOR | R8-16 | 09Apr - 23Apr | | 07May - 11May | | | | | |
| VILJANDI | R8-17 | | | 26Apr - 04May | | | | | 16May - 21May |
| ATLANTIC TRADER | R8-18 | 19May - 28May | | 23Jun - 26Jun | | 15Jun - 18Jun | | | 11Jul - 12Jul |
| ATL. RUNNER | R8-19 | 04May - 12May | | | | | | 31May - 07Jun | 26Jun - 04Jul |
| KOLA | R8-19A | 06May - 15May | | 11Jun - 13Jun | | 02Jun - 06Jun | | | 28Jun - 29Jun |
| VALGA | R8-20 | 09May - 14May | | 26May - 31May | | | | | 15Jun - 20Jun |
| VILJANDI | R8-21 | 16May - 21May | | 04Jun - 07Jun | | | | | 22Jun - 27Jun |
| ATL. ACTION | R8-22 | 26May - 31May | | | 17Jun - 19Jun | | | 21Jun - 26Jun | 15Jul - 24Jul |
| ANNA DESGAGNES | R8-23 | 26May - 02Jun | | 16Jun - 19Jun | | | | | |
| BALTIC MERCUR | R8-24 | 06Jun - 15Jun | 25Jul - 26Jul | 11Jul - 14Jul | 17Jul - 19Jul | 03Jul - 05Jul | | | 30Jul - 08Aug |

## CONTACT NUMBERS:

**ATLANTIC RO-RO CARRIERS INC. NJ**
PHONE: (973) 815-1000 / FAX: (973) 815-1050
OPERATIONAL: MR.V.PANTCHENKO (vladimir@arrcm.com)
BOOKINGS AND QUOTES: MR.D.DAVISKK (dmitri@arrcm.com)
CUSTOMER SERVICE: MR.A.LAIZOURENKO (andrei@arrcm.com)

**ATLANTIC RO-RO CARRIERS INC. TX.**
PHONE: (281) 931-3800 / FAX: (281) 931-5686
OPERATIONAL: MR.M.PETROV (mikhail@arrcm.com)
CUSTOMER SERVICE: MRS.M.BUSSART (maurice@arrcm.com)

**COMMONWEALTH INDEPENDENT STATES NAVIGATION INC. MONTREAL**
PHONE: (514) 499-1999 / FAX: (514) 499-1188
CUSTOMER SERVICE: MRS.M.DMITRIOVA (milana@cisnav.com)
CUSTOMER SERVICE: MR.E.NATOVICH (eugene@cisnav.com)
INTERMODAL USA: MR.G.KARGOPOLOV (Vkargopolov@cisnav.com)

**ATLANTIC RO-RO CARRIERS INC. MOSCOW**
PHONE: (7495) 933-0088
FAX: (7495) 929-9341
MOBILE: (7495) 7635406
MR.V.SSICNOV (smnov@arrcmoscow.com)

**BALTIC MERCUR PETERSBURG**
PHONE: (7812) 320-2767 / 327-5728 / FAX: (7812) 320-6927
AGENCY AND OPERATIONAL: MR.T.SUVONOV (t.suvorov@mercur.spb.ru)
CARGO RELEASE & CUSTOMER SERVICE:MRS.I.GLUK (i.gluk@mercur.spb.ru)
MR. A.VYUNOV (aport@mercur.spb.ru)
CLAIMS HANDLING DEPARTMENT
MR.A.ALEXEEV (a.alexeev@mercur.spb.ru)
CONTAINERS DEPARTMENT
MR.E.POPADJUSHKIN (e.clamp@mercur.spb.ru)

**Exhibit B**

**MEEHAN, WAYNE**

| | |
|---|---|
| From: | MEEHAN, WAYNE |
| Sent: | Friday, April 18, 2008 4:57 PM |
| To: | 'gwhite@hillrivkins.com' |
| Subject: | Atlantic Trader |

Dear Gerry,

In accordance with your request, we are writing to confirm the following discussed earlier today:

1.    We represent the vessel's owners, managers and charterers. We believe you have identified the correct corporate entities in the complaint but will confirm.

2.    You have requested security in the amount of $2.7 million. We understand that you will not accept an Ingosstrakh Letter of Undertaking. We have spoken with owners, and they are prepared to provide a cash bond in the amount of $2.26 million to be held pursuant to an escrow agreement. We have advised owners that you are insisting on $2.7 million, and will advise of their response.

3.    We confirm that owners will permit your surveyor to go onboard to conduct inspections in Houston, and will provide routine vessel documents to facilitate that inspection. Please understand that all inspections will be carried out in the presence of owners' surveyor. Further, we will provide your surveyor with the assistance required to carry out meaningful inspections, but we will not permit your surveyor to interview the crew regarding the circumstances surrounding the incident(s) which are the subject of the litigation.

4.    As advised, owners do not consent to depositions of the crew in Houston next week. Owners agree to provide the crew members for depositions, but we do not have authority to agree to produce the witnesses for depositions in the U.S. We have advised owners that you insist that the depositions be taken in the U.S., failing which you will make an application for expedited depositions in Houston next week. We have also advised owners that in order for you to refrain from making application for expedited discovery next week, you insist on a representation that you will be able to take the depositions of the crew members onboard the vessel in Baltimore in mid-June, or if for some reason the crew members are no longer onboard, that owners will produce those witnesses in the U.S.

As mentioned above, I hope to receive word on these issues overnight and will make myself available to discuss with you over the weekend. For your information, my contact details are as follows:

Meehan@freehill.com
(212) 381-3011 (direct dial)
(973) 509-7499 (home)
(917) 744-6562 (mobile)

I would appreciate it if you would also provide me with your weekend contact details.

Best regards,

Wayne D. Meehan
FREEHILL HOGAN & MAHAR, LLP

1

Exhibit C

## MEEHAN, WAYNE

**From:** Gerard W. White [GWhite@hillrivkins.com]
**Sent:** Friday, April 18, 2008 5:22 PM
**To:** MEEHAN, WAYNE
**Subject:** RE: Atlantic Trader

Wayne / Bill

Thank you for your message below. Please note the following:

1. Please confirm that you represent the vessel, in rem.

2. As far as security is concerned, we understand that the posting of security by a London P and I Club is not a feasible option, and that Owners would be amenable to posting security by way of a cash deposit to be held in escrow by Freehill Hogan & Mahar. The security on deposit would then be held pursuant to an escrow agreement. You indicated that Owners were agreeable to security being posted in the amount of $2.26 million, the level of security posted by underwriters in the salvage guarantees. Yesterday evening, you expressed a preference for a sum certain. We suggested that 2.6 million, which would incorporate, one year of interest at 8% ( 180K) plus an allowance for costs would result in a figure of 2.6 million. We further indicated that another interest was to furnish documents to us and we would like to incorporate that claim into security. We furnished documents this morning, and the salvage guarantees were in the approximate amount of $80,000.

   Perhaps, the issue concerning interest / costs could be resolved by Owner posting 2.45 million in NY in an interest bearing account. The interest would follow the principal amount.

3. Please review the list of documents and advise which documents will be made available in Houston in order to avoid any problems.

4. Based on our telephone conversation yesterday evening, we understood that it was your preference to allow testimony to go forward in Baltimore, Maryland where the vessel was expected to call on June 23 – 26, 2008. As for the availability of the officers/crew, we understood that the Owner was willing to confirm that the same crew would be aboard in Baltimore. Ray Hayden had asked for the further representation that in the event they were not, then Owners would agree to produce them in the US. We remain amenable to such scheduling providing we have assurance concerning the officers/crew availability.

5. My weekend contact details are as follows:

   Mobile:  732-610-6450      Home : 732-566-7619

   In addition, I will check my office email at 12:00 PM/

   Should you have any questions, please contact the undersigned.

Regards,
Jerry White
HILL RIVKINS
212-669-0606 (OFFICE DIRECT)

4/22/2008

-----Original Message-----
**From:** MEEHAN, WAYNE [mailto:MEEHAN@FREEHILL.COM]
**Sent:** Friday, April 18, 2008 4:57 PM
**To:** Gerard W. White
**Subject:** Atlantic Trader

Dear Gerry,

    In accordance with your request, we are writing to confirm the following discussed earlier today:

    1.   We represent the vessel's owners, managers and charterers. We believe you have identified the correct corporate entities in the complaint but will confirm.

    2.   You have requested security in the amount of $2.7 million. We understand that you will not accept an Ingosstrakh Letter of Undertaking. We have spoken with owners, and they are prepared to provide a cash bond in the amount of $2.26 million to be held pursuant to an escrow agreement. We have advised owners that you are insisting on $2.7 million, and will advise of their response.

    3.   We confirm that owners will permit your surveyor to go onboard to conduct inspections in Houston, and will provide routine vessel documents to facilitate that inspection. Please understand that all inspections will be carried out in the presence of owners' surveyor. Further, we will provide your surveyor with the assistance required to carry out meaningful inspections, but we will not permit your surveyor to interview the crew regarding the circumstances surrounding the incident(s) which are the subject of the litigation.

    4.   As advised, owners do not consent to depositions of the crew in Houston next week. Owners agree to provide the crew members for depositions, but we do not have authority to agree to produce the witnesses for depositions in the U.S. We have advised owners that you insist that the depositions be taken in the U.S., failing which you will make an application for expedited depositions in Houston next week. We have also advised owners that in order for you to refrain from making application for expedited discovery next week, you insist on a representation that you will be able to take the depositions of the crew members onboard the vessel in Baltimore in mid-June, or if for some reason the crew members are no longer onboard, that owners will produce those witnesses in the U.S.

As mentioned above, I hope to receive word on these issues overnight and will make myself available to discuss with you over the weekend. For your information, my contact details are as

follows:

> Meehan@freehill.com
> (212) 381-3011 (direct dial)
> (973) 509-7499 (home)
> (917) 744-6562 (mobile)

I would appreciate it if you would also provide me with your weekend contact details.

Best regards,

Wayne D. Meehan

FREEHILL HOGAN & MAHAR, LLP

--------------------------------------------

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.

4/22/2008

Exhibit D

## MEEHAN, WAYNE

**From:**     MEEHAN, WAYNE
**Sent:**     Monday, April 21, 2008 1:24 PM
**To:**       'Gerard W. White'
**Subject:**  RE: 29810 Atlantic Trader ; 08 Civ. 3597 - AIG GOLBAL MARINE et al. v. MV ATLANTIC TRADER et al.

Gerry,

   Did not get your message.  I am in a conference room and did not pick up your message.  Suggest that you call me on my cell if there is something urgent you need from me.  In any event, Owners have come back suggesting there is an error in your assumption regarding the additional salvage guarantee you advised about over the weekend.  As far as the discovery is concerned, owners will agree to depositions and I am working on a proposed agreement. Will call to discuss.

Regards,

Wayne

---

**From:** Gerard W. White [mailto:GWhite@hillrivkins.com]
**Sent:** Monday, April 21, 2008 1:03 PM
**To:** MEEHAN, WAYNE
**Subject:** 29810 Atlantic Trader ; 08 Civ. 3597 - AIG GOLBAL MARINE et al. v. MV ATLANTIC TRADER et al.

Wayne:

Further to our telephone conversation on Saturday, April 19th, inasmuch as we have not come to an agreement concerning the scheduling of deposition testimony and the production of documents, our offices anticipate filing an Order to Show Cause for Expedited Discovery this afternoon.

I left a message on your phone this morning at 11:30 AM to discuss this further. Since I have not heard from you, it is my understanding that the position of your client has not changed.

Should you have any questions, please contact the undersigned.

Regards,
Jerry White
HILL RIVKIINS
212-669-0606

Exhibit E

**MEEHAN, WAYNE**

| | |
|---|---|
| **From:** | MEEHAN, WAYNE |
| **Sent:** | Tuesday, April 22, 2008 8:28 AM |
| **To:** | 'Gerard W. White' |
| **Subject:** | Atlantic Trader |

Dear Gerry,

We have now had an opportunity to discuss these issues with our client, and we are now authorized to offer the following:

1.    Owners agree to permit your surveyor to go onboard to conduct inspections in Houston, and owners will provide routine vessel documents to facilitate that inspection. Owners agree to provide this access with the understanding that you agree that any and all inspection will be carried out in the presence of owners' surveyor, whose details will be provided. Further, owners' representatives will provide your surveyor with assistance required to carry out meaningful inspections, but your surveyor will not be permitted to interview the crew regarding the circumstances surrounding the incident(s) which are the subject of this litigation.

2.    Owners agree to provide relevant crew members (Captain, Deck Officer on watch at the time the vessel dragged anchor, Chief Engineer, First Assistant Engineer, Engineer on watch at the time power was lost) in the U.S. We will make those witnesses available either at the vessel's port call in Baltimore now scheduled for mid-June, or at another convenient time/location in the U.S.

If this meets with your approval, please confirm by return e-mail, and we will begin making the necessary arrangements. Also, please provide us with the contact details for your surveyor.

Thanks and regards,

Wayne D. Meehan
FREEHILL HOGAN & MAHAR, LLP

Exhibit F

223-08/WDM/MCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AIG GLOBAL MARINE AND ENERGY, ACE
EUROPEAN GROUP LTD., AIG EUROPE SA,
COLUMBIA FOREST PRODUCTS, INC.,
COPPER & BRASS, MACSTEEL SERVICE
CENTERS USA, TSA PROCESSING, METALS
USA (LIBERTY) and RUSAL AMERICA CORP.,

08 CV 3597 (PKL)

                              Plaintiffs,

          -against-

STIPULATION
AND ORDER

M/V ATLANTIC TRADER, *in rem*, ATLANTIC
TRADER NAVIGATION LTD., JSC BALTIK
MERKUR, and ATLANTIC RO-RO
CARRIERS, INC., *in personam*,

                              Defendants.
------------------------------------------------------------------x

     **WHEREAS** Plaintiffs have moved by way of an Order to Show Cause pursuant
to Rule 26(d), 30(a)(2)(A)(iii) and 34 of the Federal Rules of Civil Procedure for an
Order granting expedited discovery, and permission to conduct inspections onboard the
vessel, M/V ATLANTIC TRADER, at Houston, Texas; and


     **WHEREAS** the parties have reached agreement regarding the issues which are
the subject of Plaintiffs' application;


     **IT IS HEREBY ORDERED** as follows:

1.     Depositions of the vessel's officers – Captain, Deck Officer on watch at
the time the vessel dragged anchor off Scapa Flow, Chief Engineer, First
Assistant Engineer and the Engineer on watch at the time power was lost
onboard the vessel – will go forward at the vessel's upcoming port call in

Baltimore, Maryland currently scheduled to take place in mid-June. It is further agreed that if for any reason, the vessel does not call at Baltimore as scheduled, or if the individuals identified above are not onboard the vessel, owners will produce those witnesses for depositions in the United States at a mutually convenient time and place. In any event, the depositions will take place prior to July 18, 2008.

2.    Plaintiffs' two appointed marine surveyors will be granted access to the vessel during the vessel's upcoming port call in Houston, Texas between April 23 – April 30, 2008. The inspections will commence on April 27, 2008 at 9:00 AM. During the inspections, plaintiffs' surveyors will be permitted to examine and take photographs of the vessel's engine room, machinery space, pilothouse/bridge, forcastle, including ground tackle relating to the circumstances giving rise to the engine blackout/loss of power that occurred on March 19/20, 2008 and the circumstances under which the vessel dragged anchor and salvage ensued. Plaintiffs' surveyors will conduct all inspections in the presence of surveyors appointed by vessel's owners, and plaintiffs' marine surveyors will not be permitted to conduct interviews of the vessel's crew.

3.    At the time of the inspections outlined in ¶ 2, defendants will provide documents and records necessary to facilitate the inspections, as follows:

a.    vessel's plans and particulars;
b.    engine and deck logs; (include dates)
c.    classification documents;
d.    main engine and turbo charger technical data.

4.    The pending motion for expedited discovery and inspections, brought on

by Order to Show Cause returnable at 2:00 PM on April 24, 2008 is

hereby withdrawn.


Dated: New York, New York
       April _____, 2008



| | |
|---|---|
| Wayne D. Meehan, Esq. | Raymond P. Hayden, Esq. |
| Michael C. Elliott, Esq. | Gerard W. White, Esq. |
| FREEHILL HOGAN & MAHAR, LLP | HILL RIVKINS & HAYDEN, LLP |
| Attorneys for Defendants | Attorneys for Plaintiffs |
| 80 Pine Street, 24th Floor | 45 Broadway, Suite 1500 |
| New York, New York 10005 | New York, New York 10006 |
| (212) 425-1900 | (212) 669-0600 |



**"SO ORDERED"**


_____
**Hon. Peter K. Leisure, U.S.D.J.**