223-08/WDM/MCE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AIG GLOBAL MARINE AND ENERGY, ACE
EUROPEAN GROUP LTD., AIG EUROPE SA,
COLUMBIA FOREST PRODUCTS, INC.,
COPPER & BRASS, MACSTEEL SERVICE
CENTERS USA, TSA PROCESSING, METALS
USA (LIBERTY) and RUSAL AMERICA CORP.,

                    Plaintiffs,

  -against-

M/V ATLANTIC TRADER, *in rem*, ATLANTIC
TRADER NAVIGATION LTD., JSC BALTIK
MERKUR, and ATLANTIC RO-RO
CARRIERS, INC., *in personam*,

                    Defendants.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/08

08 CV 3597 (PKL)

STIPULATION
AND ORDER

      WHEREAS Plaintiffs have moved by way of an Order to Show Cause pursuant to Rule 26(d), 30(a)(2)(A)(iii) and 34 of the Federal Rules of Civil Procedure for an Order granting expedited discovery, and permission to conduct inspections onboard the vessel, M/V ATLANTIC TRADER, at Houston, Texas; and

      WHEREAS the parties have reached agreement regarding the issues which are the subject of Plaintiffs' application;

      IT IS HEREBY ORDERED as follows:

1.    Depositions of the vessel's officers -- Captain, Deck Officer on watch at the time the vessel dragged anchor off Scapa Flow, Chief Engineer, Engineer in charge of maintenance onboard, and the Engineer on watch at the time power was lost onboard the vessel -- will go forward at the vessel's upcoming port call in Baltimore, Maryland currently scheduled to take place in mid-June. It is further agreed that if the individuals identified above are not onboard

the vessel at Baltimore owners will produce those witnesses for depositions in New York on or before July 10, 2008.

2. Plaintiffs' two appointed marine surveyors will be granted visit with access to the vessel during the vessel's upcoming port call in Houston, Texas between April 23 – April 30, 2008. The inspections will commence on April 28, 2008 at 9:00 AM. During the inspections, plaintiffs' surveyors will be provided reasonable access to examine and take photographs of the vessel's engine room, machinery spaces, pilothouse/bridge, and forecastle, including ground tackle relating to the circumstances giving rise to the engine blackout/loss of power that occurred on March 19/20, 2008 and the circumstances under which the vessel dragged anchor and salvage ensued. Plaintiffs' surveyors will conduct all inspections in the presence of surveyors appointed by vessel's owners, and plaintiffs' marine surveyors will not be permitted to conduct interviews of the vessel's crew. It is understood that these inspections will not affect the rights, if any, which cargo interests have to conduct other surveys onboard the vessel.

3. At the time of the inspections outlined in ¶ 2, defendants will provide Plaintiffs' surveyor with the following documents and records to the extent that they exist onboard the vessel:

      a. engine and deck logs for the voyage;
      b. classification reports/records;
      c. main engine and turbo charger technical data. (to include manufacturers and ISM manuals)
      d. All statements, reports, notes, memoranda prepared by the crew regarding the circumstances surrounding the loss of power, dragging anchor and salvage.
      e. All reports prepared by agents or contractors regarding the circumstances surrounding the loss of power, dragging anchor and salvage.
      f. Any repair records for the voyage in question including repairs to main engine, turbocharger and any other equipment onboard as a result of the loss of power, dragging anchor and salvage.

g. All records showing the vessel's position and maneuvers for the voyage, including but not limited to bell books, data loggers, GPS position records, charts, course recorder and all plotted positions.
h. crew list.
i. all meteorological records for the voyage, including but not limited to any correspondence with any weather routing services.
j. copies of all contracts covering the repairs to the main engine, turbocharger or any other machinery/equipment during the voyage from Baltimore to St. Petersburg, to Scapa Flow and to Houston, including invoices for any parts used in those repairs.
k. communications to/from the vessel with any and all parties relating to the loss of power, dragging anchor and salvage;
l. all maintenance records having to do with the main engine, turbocharger and/or the equipment which was repaired for the past 6 months.

4. Defendants will provide documents along with formal response in response to Plaintiffs' Request for Production of Documents (Exhibit C to Affirmation of Gerard W. White submitted in support of motion for expedited discovery) by June 10, 2008 or two weeks before the crew depositions outlined in ¶1, whichever is sooner.

5. The pending motion for expedited discovery and inspections, brought on by Order to Show Cause returnable at 2:00 PM on April 24, 2008 is hereby withdrawn.

Dated: New York, New York
April 25, 2008

_____
Wayne D. Meehan, Esq.
Michael C. Elliott, Esq.
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendants
80 Pine Street, 24th Floor
New York, New York 10005
(212) 425-1900

_____
Raymond P. Hayden, Esq.
Gerard W. White, Esq.
HILL RIVKINS & HAYDEN, LLP
Attorneys for Plaintiffs
45 Broadway, Suite 1500
New York, New York 10006
(212) 669-0600

"SO ORDERED"
_____
Hon. Peter K. Leisure, U.S.D.J.

NYDOCS1/303314.2                3