223-08/WDM/MCE

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendants
80 Pine Street
New York, New York 10005
Wayne D. Meehan (WM 9102)
William J. Pallas (WP 6201)
Tel: 212-425 1900
Fax: 212 425 1901

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

AIG GLOBAL MARINE AND ENERGY, ACE
EUROPEAN GROUP LTD., AIG EUROPE SA,
COLUMBIA FOREST PRODUCTS, INC.,
COPPER & BRASS, MACSTEEL SERVICE
CENTERS USA, TSA PROCESSING, METALS
USA (LIBERTY) and RUSAL AMERICA CORP.,

                                                    08 CV 3597 (PKL)

                                        Plaintiffs,

                                                    **ANSWER TO
                                                    AMENDED VERIFIED
                                                    COMPLAINT**

                -against-

M/V ATLANTIC TRADER, *in rem*, ATLANTIC
TRADER NAVIGATION LTD., JSC BALTIK
MERKUR, and ATLANTIC RO-RO
CARRIERS, INC., *in personam*,

                                Defendants.

-------------------------------------------------------------------x

    Defendants, ATLANTIC TRADER NAVIGATION LTD., BALTIC MERCUR,

(erroneously sued herein as JSC BALTIK MERKUR), ATLANTIC RO-RO CARRIERS, INC.,

including M/V ATLANTIC TRADER, by and through their attorneys, Freehill, Hogan & Mahar

NYDOCS1/305486.1

LLP, responding to the Amended Verified Complaint of the Plaintiff herein, allege upon information and belief as follows:

**FIRST**: Admit that to the extent Plaintiffs have alleged damages arising out of a maritime contract of carriage, that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of this court, but except as so specifically admitted, deny the remaining allegations contained in Paragraph "FIRST" of the Amended Verified Complaint.

**SECOND**:  Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "SECOND" of the Amended Verified Complaint.

**THIRD**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "THIRD" of the Amended Verified Complaint.

**FOURTH**:  Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "FOURTH" of the Amended Verified Complaint.

**FIFTH**:  Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "FIFTH" of the Amended Verified Complaint.

**SIXTH**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "SIXTH" of the Amended Verified Complaint.

**SEVENTH**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "SEVENTH" of the Amended Verified Complaint.

**EIGHTH**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "EIGHTH" of the Amended Verified Complaint.

**NINTH**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "NINTH" of the Amended Verified Complaint.

**TENTH**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "TENTH" of the Amended Verified Complaint.

**ELEVENTH**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "ELEVENTH" of the Amended Verified Complaint.

**TWELFTH**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "TWELFTH" of the Amended Verified Complaint.

**THIRTEENTH**:  Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "THIRTEENTH" of the Amended Verified Complaint.

**FOURTEENTH**:  Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "FOURTEENTH" of the Amended Verified Complaint.

**FIFTEENTH**:  Admit that the M/V ATLANTIC TRADER is an ocean going vessel, with "ro-ro" capability, with a deadweight of approximately 17,850 tons, overall length of 173.5 meters, breath of 23.09 meters and a deep draft of 13.3 meters, and that said vessel was constructed in 1986, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "FIFTEENTH" of the Amended Verified Complaint.

**SIXTEENTH**:  Admit that Atlantic Trader Navigation Limited was the registered owner of the MV ATLANTIC TRADER, and is organized and exists under the laws of a foreign nation, with a place of business at   12/13 Strait Street, Valletta VLT 08, Malta, but except as so specifically admitted, deny the remaining allegations set forth in Pragraph "SIXTEENTH" of the Amended Verified Complaint.

**SEVENTEENTH**:  Admit that Baltic Mercur (erroneously sued herein as JSC Baltik Merkur) was the technical manager of the M/V ATLANTIC TRADER, and is an entity organized and existing under the laws of a foreign nation with a place of business at Suite 412, 47 Stachek Prospect, Saint Petersburg, 198097 Russia, but except as so specifically admitted, deny the

remaining allegations set forth in Paragraph "SEVENTEENTH" of the Amended Verified Complaint.

**EIGHTEENTH**:  Admit that the M/V ATLANTIC TRADER sailed from St. Petersburg on or about March 14, 2008 and has discharged and delivered all cargo bound for the Port of Houston in accordance with the terms and conditions of the applicable bills of lading/contracts of carriage, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "EIGHTEENTH" of the Amended Verified Complaint.

**NINTEENTH**:  Deny the allegations set forth in Paragraph "NINTEENTH" of the Amended Verified Complaint.

**TWENTIETH**:  Admit the allegations set forth in Paragraph "TWENTIETH" of the Amended Verified Complaint.

**TWENTY-FIRST**:  Admit that Atlantic Ro-Ro Carriers, Inc. ("ARRC") issued bills of lading/contracts of carriage Nos. SPHU11080040, SPHU11080008, SPHU11080039, SPHU11080010, and SPHU11080015 through SPHU11080035, and that certain average guarantees, average bonds and/or salvage bonds were issued in connection with the cargo carried under said bills of lading, but except as so specifically admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations set forth in PARAGRAPH TWENTY-FIRST of the Amended Verified Complaint.

**TWENTY-SECOND**: Admit that the ARRC bill of lading contains the language quoted by Plaintiffs at Paragraph 3 of the Bill of Lading, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-SECOND" of the Amended Verified Complaint.

**TWENTY-THIRD**: Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "TWENTY-THIRD" of the Amended Verified Complaint.

### FACTS

**TWENTH-FOURTH**: Admit that the M/V ATLANTIC TRADER loaded cargo at the port of St. Petersburg for carriage to the Port of Houston on or about February 29, 2008, in accordance with the terms and conditions of the applicable bills of lading/contracts of carriage, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-FOURTH" of the Amended Verified Complaint.

**TWENTY-FIFTH:** Admit that while en route from St. Petersburg to Houston, in the vicinity of the Pentland Firth Strait, the vessel experienced the loss of her main engine turbo charger as a result of which the vessel was required to anchor in order to investigate the extent of damage and conduct repairs, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-FIFTH" of the Amended Verified Complaint.

**TWENTY-SIXTH:** Admit that following the loss of the vessel's turbo charger, the vessel anchored to investigate the extent of damage and conduct repair operations; that the vessel subsequently dragged anchor and was thereupon required to obtain salvage assistance; that professional salvors were engaged pursuant to a Lloyd's Open Form (LOF) salvage contract; and that the vessel was towed by the ANGLIAN SOVEREIGN to Scapa Flow, United Kingdom, on March 20, 2008; but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-SIXTH" of the Amended Verified Complaint.

**TWENTY-SEVENTH:** Admit that Owners declared general average in connection with the incident of March 19-20, 2008, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-SEVENTH" of the Amended Verified Complaint. Defendants object to the balance of Plaintiffs' allegations in Paragraph "TWENTY-SEVENTH" to the extent they call for conclusions of law.

**TWENTY-EIGHTH:** Admit that the vessel's turbo charger underwent successful repair, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-EIGHTH" of the Amended Verified Complaint.

**TWENTY-NINTH:** Admit that the vessel underwent repairs that were completed on or about April 7, 2008 but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-NINTH" of the Amended Verified Complaint.

**TWENTY-SIXTH:** Admit that following the loss of the vessel's turbo charger, the vessel anchored to investigate the extent of damage and conduct repair operations; that the vessel subsequently dragged anchor and was thereupon required to obtain salvage assistance; that professional salvors were engaged pursuant to a Lloyd's Open Form (LOF) salvage contract; and that the vessel was towed by the ANGLIAN SOVEREIGN to Scapa Flow, United Kingdom, on March 20, 2008; but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-SIXTH" of the Amended Verified Complaint.

**TWENTY-SEVENTH:** Admit that Owners declared general average in connection with the incident of March 19-20, 2008, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-SEVENTH" of the Amended Verified Complaint. Defendants object to the balance of Plaintiffs' allegations in Paragraph "TWENTY-SEVENTH" to the extent they call for conclusions of law.

**TWENTY-EIGHTH:** Admit that the vessel's turbo charger underwent successful repair, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-EIGHTH" of the Amended Verified Complaint.

**TWENTY-NINTH:** Admit that the vessel underwent repairs that were completed on or about April 7, 2008 but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "TWENTY-NINTH" of the Amended Verified Complaint.

**THIRTIETH:** Deny the allegations set forth in Paragraph "THIRTIETH" of the Amended Verified Complaint.

**THIRTY-FIRST:** Deny the allegations set forth in Paragraph "THIRTY-FIRST" of the Amended Verified Complaint.

**THIRTY-SECOND:** Admit that the vessel was subjected to severe weather conditions, including gale force winds, while at anchor on March 19-20, 2008, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "THIRTY-SECOND" of the Amended Verified Complaint.

**THIRTY-THIRD:** Admit that certain salvage and average guarantees were provided by cargo interests, but except as so specifically admitted, deny knowledge and information sufficient to form a belief as to the remaining allegations set forth in Paragraph "THIRTY-THIRD" of the Amended Verified Complaint.

**THIRTY-FOURTH:** Deny knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "THIRTY-FOURTH" of the Amended Verified Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FOR A DECLARATORY JUDGMENT DISMISSING OWNERS**
**AND VESSEL'S CLAIMS FOR GENERAL AVERAGE CONTRIBUTION**
**DUE TO BREACH OF THE CONTRACT OF CARRIAGE**

**THIRTY-FIFTH:**    Defendants repeat and reallege each and every response to the allegations set forth in PARAGRAPHS "FIRST" through "THIRTY-FOURTH" of Plaintiff's Amended Verified Complaint as if set forth at length herein.

**THIRTY-SIXTH:**    Admit that Plaintiffs are disputing Owners' claim for general average, and that Defendants have satisfied their obligations under the applicable contracts of carriage and laws, but except as so specifically admitted, Defendants object to the allegations set forth in Paragraph "THIRTY-SIXTH" of the Amended Verified Complaint to the extent they call for conclusions of law.

**THIRTY-SEVENTH:**  Admit that the vessel was seaworthy and that Defendants have satisfied their obligations under the applicable contracts of carriage and laws, but except as so specifically admitted, Defendants object to the allegations set forth in Paragraph "THIRTY-SEVENTH" of the Amended Verified Complaint to the extent they call for conclusions of law.

**THIRTY-EIGHTH:** Admit that Plaintiffs are disputing Owners' claim for general average, that the vessel sustained damage to its main engine turbocharger, and that Plaintiffs are liable for general average contribution and salvage, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "THIRTY-EIGHTH" of the Amended Verified

NYDOCS1/305486.1                                    9

Complaint. Defendants object to the allegations set forth in Paragraph "THIRTY-EIGHTH" of the Amended Verified Complaint to the extent they call for conclusions of law.

**THIRTY-NINTH:** Deny the allegations set forth in Paragraph "THIRTY-NINTH" of the Amended Verified Complaint. Defendants object to the allegations set forth in Paragraph "THIRTY-NINTH" to the extent they call for conclusions of law.

**FORTIETH:** Admit that certain general average/salvage bonds/guarantees have been issued in connection with this matter, but except as so specifically admitted, deny the remaining allegations set forth in Paragraph "FORTIETH" of the Amended Verified Complaint.

<u>**AS AND FOR A SECOND CAUSE OF ACTION<br>AGAINST DEFENDANTS FOR INDEMNITY<br>FOR A SALVAGE CONTRIBUTION<br>ASSESSED/PAID BY PLAINTIFFS**</u>

**FORTY-FIRST:** Defendants repeat and reallege each and every response to the allegations set forth in Paragraphs "FIRST" through "FORTIETH" of Plaintiffs' Amended Verified Complaint as if set forth at length herein.

**FORTY-SECOND:** Deny the allegations set forth in Paragraph "FORTY-SECOND" of the Amended Verified Complaint. Defendants object to the allegations set forth in Paragraph "FORTY-SECOND" of the Amended Verified Complaint to the extent they call for conclusions of law.

NYDOCS1/305486.1                                   10

**FORTY-THIRD:** Deny the allegations set forth in Paragraph "FORTY-THIRD" of the Amended Verified Complaint. Defendants object to the allegations set forth in Paragraph "FORTY-THIRD" of the Amended Verified Complaint to the extent they call for conclusions of law.

**FORTY-FOURTH:** Deny the allegations set forth in Paragraph "FORTY-FOURTH" of the Amended Verified Complaint. Defendants object to the allegations set forth in Paragraph "FORTY-FOURTH" of the Amended Verified Complaint to the extent they call for conclusions of law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**FORTY-FIFTH:** The Amended Verified Complaint fails to state a claim against the Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**FORTY-SIXTH**      The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage.

### THIRD AFFIRMATIVE DEFENSE

**FORTY-SEVENTH:** The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound.

### FOURTH AFFIRMATIVE DEFENSE

**FORTY-EIGHTH:**    The Plaintiffs are not the real parties in interest to this suit.

### FIFTH AFFIRMATIVE DEFENSE

**FORTY-NINTH:**    The Court lacks *in personam* jurisdiction over this Answering Defendant. Insufficient and/or improper service of process.

### SIXTH AFFIRMATIVE DEFENSE

**FIFTIETH:**    Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### SEVENTH AFFIRMATIVE DEFENSE

**FIFTY-FIRST:**    This litigation must be dismissed or stayed pursuant to the "New Jason"

clause incorporated in the applicable dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or

contract(s) of affreightment, and/or in accordance with principles of *forum non conveniens*.

### AS AND FOR A COUNTERCLAIM
### FOR A DECLARATORY JUDGMENT HOLDING PLAINTIFFS LIABLE FOR
### GENERAL AVERAGE CONTRIBUTION
### IN ACCORDANCE WITH THE APPLICABLE CONTRACT OF CARRIAGE

**FIFTY-SECOND:**    The M/V ATLANTIC TRADER sustained damage to its main engine

turbocharger on March 19, 2008 while en route from St. Petersburg, Russia to Houston, Texas,

U.S.A.  As a result of the damage to the vessel's turbocharger, it was necessary for the vessel to

engage the services of a professional salvor and be towed into Scapa Flow for repairs on March

20, 2008.  The repairs were completed on or about April 7, 2008 and the vessel completed her

voyage to Houston without incident.

**FIFTY-THIRD:**    As a result of the damage to the vessel's turbocharger, the Owners of the

M/V ATLANTIC TRADER have incurred significant expenses, including, but not limited to,

salvage expense and repair costs.  Owners have declared general average and the respective

contributions are being adjusted by an average adjuster in London.  The final general average

statement has not yet been issued.

NYDOCS1/305486.1                                    13

**FIFTY-FOURTH:**    Owners exercised due diligence at the commencement of the voyage, and all times thereafter, to render the vessel seaworthy and have satisfied all obligations under the applicable contracts of carriage and/or applicable laws.

**FIFTY-FIFTH:**    The damage to the vessel's turbocharger was due to a cause which could not be discovered or prevented despite the exercise of due diligence to render the vessel seaworthy.

**FIFTY-SIXTH:**    The damage to the turbocharger and subsequent salvage of the vessel constitute a marine peril under the general maritime law and applicable contract of carriage, such that Owners are entitled to general average contribution for all resulting expenses.

**FIFTY-SEVENTH:** Owners' claim for general average is governed by the general maritime law and clause 21 of the applicable Atlantic Ro-Ro Carriers, Inc. bill of lading, i.e. the "New Jason" clause.

**FIFTY-EIGHTH:**    Owners are entitled to declaratory judgment under 28 U.S.C. §2201 holding that the damage to the turbocharger and resulting salvage of the vessel constitutes a general average incident within the meaning of the general maritime law and applicable contract of carriage, and that Plaintiffs are obligated to contribute their respective shares in whatever amounts are ultimately determined by the average adjustment in London.

**WHEREFORE**, Defendants ATLANTIC TRADER NAVIGATION LTD, BALTIC

MERCUR, ATLANTIC RO-RO CARRIERS, INC., pray that a decree be entered dismissing the

Amended Verified Complaint herein, that declaratory judgment be issued in favor of

ATLANTIC TRADER NAVIGATION LTD. on its counterclaim, and that Defendants be

awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this

action, and such other and different relief as this Court may deem just and proper.

Dated: New York, New York,
      September 4, 2008.

                        FREEHILL, HOGAN & MAHAR LLP
                        Attorneys for Defendants

                        WAYNE D. MEEHAN (WM 9102)
                        WILLIAM J. PALLAS (WP 6102)
                        80 Pine Street
                        New York, New York 10005
                        212 425 1900

To:    Hill Rivkins & Hayden LLP
       45 Broadway, Suite 1500
       New York, New York 10006
       Attention: Raymond P. Hayden, Esq.
                  Gerard W. White, Esq.

STATE OF NEW YORK   :
                    : ss.:
COUNTY OF NEW YORK :

I, GLORIA J. REGIS-HOSEIN, being duly sworn say:

I am not a party to the action, am over 18 years of age and reside at 80 Pine

Street, New York, New York  10005.  On September 4, 2008, I served the within ANSWER

TO AMENDED VERIFIED COMPLAINT, upon

HILL RIVKINS & HAYDEN LLP
45 Broadway, Suite 1500
New York, New York 10006

at the above address(es) designated by said attorney(s) for that purpose by depositing a true copy of

same enclosed in a post-paid properly addressed wrapper, in a post office official depository under

the exclusive care and custody of the United States Postal Service within the State of New York.

GLORIA J. REGIS-HOSEIN

Sworn to before me on the
4th day of September, 2008.

Notary Public
MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6067399
Qualified in Kings County
Certificate Filed in New York County
Commission Expires December 10, 2009

NYDOCS1/305486.1                              16